U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

March 15, 2006

Danielle C. Jahn, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

**FILED**

MAR 29 2006

Re:   Piotr Orlowski

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Ms. Jahn,

    This letter sets forth the full and complete plea offer to your client, Mr. Piotr Orlowski. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on March 22, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1.    **Charges**: Mr. Orlowski agrees to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 656 (Bank Embezzlement). By pleading guilty pursuant to this plea agreement, Mr. Orlowski hereby waives his right to trial by jury on any issues relevant to guilt or sentencing. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Orlowski and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Orlowski agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Orlowski's actions and involvement in the embezzlement. It is anticipated that during the Rule 11 plea hearing, Mr. Orlowski will adopt and sign the Statement of the Offense as a written proffer of evidence.

    2.    **Potential penalties, assessments, and restitution**: Mr. Orlowski understands that the maximum sentence that can be imposed is one year imprisonment, a fine of $100,000 (18 U.S.C. § 3571(b)(5)), or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $25 special assessment, a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines not timely paid. Mr. Orlowski understands that the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual do not apply in this case and, therefore, his sentence will be determined solely by the Court. The government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Orlowski further understands that if the Court imposes a sentence that is in any way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Orlowski's right to appeal an unlawful sentence.

3.     **Financial Arrangements:** Mr. Orlowski agrees that prior to or at the time of sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $25.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013.

4.     **Waiver of Rights:** Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Orlowski expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Orlowski voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Mr. Orlowski understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

5.     **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to Mr. Orlowski's criminal activities. In addition, Mr. Orlowski acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

6.     The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

7.     If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8.     **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Orlowski's release pending sentencing, and agrees not to oppose Mr. Orlowski's request that sentencing in this matter be continued for twelve months. If Mr. Orlowski abides by the conditions set forth in this agreement, the United States will not oppose Mr. Orlowski's motion to withdraw the plea and will enter a *nolle prosequi* in the case at the time of sentencing. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Orlowski in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the bank embezzlement outlined in the attached Statement of the Offense. This agreement not to prosecute Mr. Orlowski does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes

of violence involving Mr. Orlowski.

9. **Conditions of Pre-Trial Diversion**: Mr. Orlowski agrees that pending sentencing, he will comply with all bond conditions imposed by the Court. Moreover, Mr. Orlowski agrees to make restitution in the amount of $2,537.99, and to provide proof of payment of restitution in this amount to the United States Attorney's Office for the District of Columbia prior to sentencing. Mr. Orlowski will make restitution in full to the following entity:

> Wachovia Corporation
> Attention: Doug Coppock
> 3050 Waldorf Market Place
> Waldorf, Maryland 20603

10. **Breach of Agreement**: Mr. Orlowski agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea (except as provided in paragraph 8 above), the United States, in its sole discretion, will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Orlowski's release; (b) Mr. Orlowski will not have the right to withdraw the guilty plea (except as provided in paragraph 8 above); (c) Mr. Orlowski shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Orlowski, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

11. **Court is not bound**: Mr. Orlowski understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

12. **USAO's Criminal Division Bound**: Mr. Orlowski understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Orlowski.

14. **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Orlowski, Mr. Orlowski's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Orlowski may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Orlowski and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: DAVID C. WOLL, JR.
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Danielle C. Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 03/29/06

Piotr Orlowski
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 3/29/06

Danielle C. Jahn, Esquire
Attorney for the Defendant